UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEAN DUFORT BAPTICHON,

             Plaintiff,

v.

STATE OF MICHIGAN, THOMAS M. COOLEY
LAW SCHOOL, CHASE STUDENT LOANS
SERVICING, LLC., THE DEPARTMENT OF
EDUCATION, and UNKNOWN PARTIES,

             Defendants.

_____/

Case No. 1:18-cv-550

Hon. Paul L. Maloney

## ORDER DENYING *IN FORMA PAUPERIS* STATUS

Plaintiff filed this *pro se* action in the United States District for the Eastern District of New York, seeking damages in excess of $20,000,000.00. That court characterized plaintiff's complaint as a continuation of his longstanding dispute with Thomas M. Cooley Law School ("Cooley") arising from Cooley's decision to dismiss plaintiff for academic deficiencies in 2003. Plaintiff filed two lawsuits in the Western District of Michigan involving his dismissal: *Jean Dufort Baptichon v. Thomas M. Cooley Law School*, 5:03-cv-176 (W.D. Mich.) ("*Baptichon I*"); and, *Jean Dufort Baptichon v. Thomas M. Cooley Law School et al.*, 1:09-cv-562 (W.D. Mich.) ("*Baptichon II*").[1] The court further noted that while plaintiff was a

_____

[1] In *Baptichon I*, this Court dismissed plaintiff's federal due process claims and remanded his state law claims to the Ingham County Circuit Court. *See Baptichon I* (Order and Judgment, May 3, 2004) (ECF No. 27). In *Baptichon II*, this Court observed that plaintiff's

resident of Freeport, New York, none of the defendants were located in New York, with defendants State of Michigan and Cooley being located in Michigan, defendant Chase Student Loans Servicing LLC being located in Mississippi, and defendant Department of Education being located in Washington, D.C. Given plaintiff's litigation history and the location of defendants, the court concluded that venue was not proper in the Eastern District of New York and transferred the case to the Western District of Michigan. *See* Transfer Order (ECF No. 5).

This matter is now before the Court on plaintiff's application and amended application to proceed *in forma pauperis* ("IFP") (ECF Nos. 2 and 11). On May 7, 2018, the magistrate judge entered a deficiency order because plaintiff's original application to proceed IFP did not contain sufficient detail of his financial condition, including plaintiff's household income, assets, and financial obligations. *See* Order (ECF No. 9). The Court provided plaintiff with a copy of this Court's Application for proceed in district court without prepaying fees or costs (long form) (AO 239).

Plaintiff filed an amended application (ECF No. 11), which rendered his original application moot. The amended application included a 77-page exhibit containing plaintiff's 2017 joint income tax returns (ECF No. 11-1). In his amended application, plaintiff stated that during the past 12 months he earned an average of $331.00 per month from self-

---

case was "a continuation of Plaintiff's long-standing battle with Cooley Law School concerning their decision to dismiss Plaintiff for academic deficiencies" and dismissed all claims. *See Baptichon II*, 2009 WL 5214911 at *1 (W.D. Mich.) (Dec. 28, 2009).

employment as an "independent law clerk" and expected to earn $561.00 next month (PageID.144-145). However, plaintiff objected to providing any information with respect to his spouse and referred the Court to his voluminous income tax returns (PageID.202). The tax returns indicate that plaintiff's spouse earned over $70,000.00 in 2017, but that plaintiff and his spouse reported a negative adjusted gross income due to a reported capital loss of $3,000.00 and reported losses on royalties and rents of $84,745.00 (PageID.151, 214, 223) (ECF No. 11-1). The tax returns also reflect that plaintiff and his spouse received a federal income tax refund of $7,230.00 (PageID.150) and a state income tax refund of $3,654.00 (PageID.207).

Plaintiff's amended application also failed to provide itemized monthly expenses, referring the Court to his income tax returns (PageID.147-148). Plaintiff also objected to questions regarding his spouse's financial condition (PageID.144-148). Plaintiff stated that he had $372.70 in a savings account and $59.10 in a checking account, but objected to providing any information about his wife's bank accounts (PageID.145). While plaintiff stated that he owns a 2003 Infiniti worth $5,000.00 and a 2005 Porsche worth $10,000.00 (PageID.146), he did not disclose the value of his home or other real estate on the amended application, once again referring the Court to his income tax returns (PageID.146). Based on those returns, it appears that plaintiff owns real estate located at 66 Laurel Avenue, Hampstead, New York, and 188 N Long Beach Avenue, Freeport, New York (PageID.182, 184, 223). Plaintiff also declared under penalty of perjury that the United States of America owes him "$20 Billion" (PageID.146).

Plaintiff is not entitled to proceed as an indigent in this Court.  First, plaintiff did not complete the amended application, having refused to provide requested information regarding both himself and his spouse.  "Federal Courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System*, No. CIV. 10-31 RHK/RLE, 2010 WL 502781 at *1 (D. Minn. Feb. 5, 2010).  "The income of the party's spouse is particularly relevant and failure to disclose a spouse's income may result in denial of IFP status." *Behmlander v. Commissioner of Social Security*, No. 12-cv-14424, 2012 WL 5457466  at *2 (E.D. Mich. Oct. 16, 2012), R&R adopted 2012 WL 5457383 (Nov. 8, 2012).  *See Onischuk v. Johnson Controls Inc.*, 182 Fed. Appx. 532 (7th Cir. 2006) (affirming district court's denial of plaintiff's application to proceed *in forma pauperis* because he did not provide financial information about his wife).

Second, plaintiff has sufficient resources to pay the filing fee.  "The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Plaintiff is not indigent.  While plaintiff reported negative adjusted gross income on his federal income tax return, he and his wife earned over $70,000.00 in the past year and received income tax refunds exceeding $10,000.00.

4

Plaintiff's assets include two houses and two vehicles (including a Porsche).  Finally, plaintiff declared under penalty of perjury that the United States of America owes him $20 billion.

Accordingly, plaintiff's application and amended application for leave to proceed IFP (ECF Nos. 2 and 11) are **DENIED**.  Plaintiff must submit the $400.00 filing fee within **28 days** of the date of this order, or this action will be dismissed.

**IT IS SO ORDERED.**

Date:   July 9, 2018                                    /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge

5